IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,536-03






EX PARTE EDMUNDO VASQUEZ SAENZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0136890-HL IN CRIMINAL DISTRICT COURT NO. 5


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to fifty years' imprisonment. He did not appeal
his conviction.

 Applicant contends that his judgment and sentence are void because the trial court did not
assess a fine. The trial court concluded that Applicant's sentence is void and recommended that we
grant his writ of habeas corpus. We believe that the record is not sufficient to resolve Applicant's
claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the factual basis of
Applicant's claims was ascertainable through the exercise of reasonable diligence on or before the
date the -01 application was filed in Dallas County. Tex. Code Crim. Proc. art. 11.07, § 4(c). The
trial court shall make any other findings of fact that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 22, 2012

Do not publish